UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

OSER VENTURES INC.,
a Florida corporation,

        Plaintiff,

v.

WAYNE R. HIERSEMAN,
Individually and as trustee of the
WAYNE R. HIERSEMAN LIVING TRUST,
and WAYNE R. HIERSEMAN LIVING TRUST,
a Trust

        Defendants.
_____/

## COMPLAINT

Plaintiff, OSER VENTURES INC., a Florida corporation, sues Defendants, WAYNE R. HIERSEMAN, as an individual and as trustee of the WAYNE R. HIERSEMAN LIVING TRUST, and the WAYNE R. HIERSEMAN LIVING TRUST, a trust and states:

1. This is an action for re-establishment of lost promissory notes and breach of those promissory notes.

### PARTIES

2. Plaintiff, OSER VENTURES INC. ("Oser") is a Florida corporation, with its principal place of business in Broward County, Florida.

3. Defendant, WAYNE R. HIERSEMAN ("Hierseman"), is an individual residing in Scott County, Iowa.

1

4. Upon information and belief, Hierseman serves as trustee of the Defendant WAYNE R. HIERSEMAN LIVING TRUST ("Hierseman Trust").

5. Upon information and belief, the Hierseman Trust is a trust made and governed by the laws of the State of Iowa.

## JURISDICTION AND VENUE

6. The United States District Court for the Southern District of Florida has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Broward County, which is within the Southern District of Florida.

8. The non-resident Defendants subjected themselves to the jurisdiction of courts in the State of Florida pursuant to Fla. Stat. § 48.193 because the Defendants, individually, as a trustee and as a trust entity, operate, conduct, engage in, and otherwise carry out business or business ventures in Florida, thus establishing jurisdiction under §48.193(1)(a)(1), Fla. Stat. and the Defendants breached a contract to be performed in Broward County, Florida, thus establishing jurisdiction under Fla. Stat. §48.193(1)(a)(7).

9. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

## GENERAL ALLEGATIONS

10. On or about October 11, 2013, Hierseman, individually and as trustee of the Hierseman Trust, executed a subscription agreement for the purchase of Oser Ventures Inc. Series

A Preferred Shares for the total purchase price of Nine Hundred Fifty Thousand Dollars ($950,000). A copy of the Subscription Agreement is attached hereto and made a part hereof as Exhibit "1".

11.　On the same day, Hierseman and the Hierseman Trust made five (5) payments to Oser of One Hundred Thousand Dollars ($100,000.00) each, by means of five (5) separate checks with consecutive numbers.

12.　For the remaining payment, Hierseman and the Hierseman Trust executed and delivered a promissory note to Oser for Four Hundred Fifty Thousand Dollars ($450,000.00) (the First Note").

13.　Pursuant to the terms of the First Note, payment was to be made at 4 West Las Olas Boulevard, Suite 201, Fort Lauderdale, Florida 33301.

14.　On or about June 30, 2014, Hierseman made a second purchase of Oser Ventures Inc. Series A Preferred Shares for a total amount of Six Hundred Seventy-Five Thousand Dollars ($675,000.00). A copy of the Share Purchase Agreement is attached hereto and made a part hereof as Exhibit "2".

15.　On the same day, Hierseman made a single payment to Oser of One Hundred Thousand Dollars ($100,000.00) by check.

16.　For the remaining balance, Hierseman executed and delivered a promissory note to Oser for Five Hundred Seventy-Five Thousand Dollars ($575,000.00) (the "Second Note").

17.　Upon execution of the Second Note, Hierseman's ownership of Oser Ventures Inc. Series A Preferred Shares were combined and all payments remitted were to be applied to the payment of principal due on both the First Note and Second Note (collectively the "Notes").

18. On June 10, 2015 Hierseman and the Hierseman Trust made a payment of Fifty Thousand Dollars ($50,000.00) to Oser.

19. On June 28, 2015 Hierseman and the Hierseman Trust made a payment of Fifty Thousand Dollars ($50,000.00) to Oser.

20. On June 26, 2015, Hierseman and the Hierseman Trust made a payment of Fifty Thousand Dollars ($50,000.00) to Oser.

21. On July 3, 2015 Hierseman and the Hierseman Trust made a payment of Fifty Thousand Dollars ($50,000.00) to Oser.

22. On July 17, 2015, Hierseman and the Hierseman Trust made a payment of Fifty Thousand Dollars ($50,000.00) to Oser.

23. On July 25, 2015, Hierseman and the Hierseman Trust made a payment of Forty Thousand Dollars ($40,000.00) to Oser.

24. On August 7, 2015, Hierseman and the Hierseman Trust made a payment of Forty-Five Thousand Dollars ($45,000.00) to Oser.

25. Hierseman and the Hierseman Trust failed to remit any payment to Oser since the last payment made in August 2015.

26. The current outstanding principal balance due on the Notes is Six Hundred Ninety Thousand Dollars ($690,000.00).

**COUNT I – RE-ESTABLISHMENT OF LOST
OCTOBER 11, 2013 PROMISSORY NOTE**

27. Plaintiff, Oser, repeats and realleges the allegations contained in Paragraphs 1 - 26 of the Complaint as if set forth fully herein.

28. This is an action to re-establish a promissory note under Section 71.011 of the Florida Statutes.

4

29. On or about October 11, 2013, Hierseman and the Hierseman Trust executed and delivered the First Note, payable to Oser, in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), interest free, together with the Subscription Agreement attached hereto and made a part hereof as Exhibit "1".

30. The executed original First Note was received by Oser at the inception of the loan and, while in Oser's custody, the First Note was lost or destroyed under unknown circumstances, as further detailed in the attached Affidavit of Roland Breton, attached hereto and made a part hereof as Exhibit "3" (the "Breton Affidavit").

31. Oser knows of no parties except the Defendants who are interested in the re-establishment of the First Note.

WHEREFORE, Plaintiff, Oser Ventures Inc., respectfully requests this Court enter judgment re-establishing the First Note as outlined above and further described in the attached Breton Affidavit, and for such other and further relief as this Court may deem just and proper.

**COUNT II – RE-ESTABLISHMENT OF LOST
JUNE 27, 2014 PROMISSORY NOTE**

32. Plaintiff, Oser, repeats and realleges the allegations contained in Paragraphs 1 - 26 of the Complaint as if set forth fully herein.

33. This is an action to re-establish a promissory note under Section 71.011 of the Florida Statutes.

34. On or about June 30, 2014, Hierseman executed and delivered the Second Note, payable to Oser, for Five Hundred Seventy-Five Thousand Dollars ($575,000.00), interest free, together with the Share Purchase Agreement attached hereto and made a part hereof as Exhibit "2".

35. The executed original Second Note was received by Oser at the inception of the loan and, while in Oser's custody, the Second Note was lost or destroyed under unknown circumstances as further detailed in the Breton Affidavit, attached hereto and made a part hereof as Exhibit "3."

36. Oser knowns of no parties except the Defendant who are interested in the re-establishment of the Second Note.

WHEREFORE, Plaintiff, Oser Ventures Inc., respectfully requests this Court to enter a judgment re-establishing the Second Note as outlined above and further described in the attached Breton Affidavit, and for such other and further relief as this Court may deem just and proper.

**COUNT III – BREACH OF OCTOBER 11, 2013 PROMISSORY NOTE**

37. Plaintiff, Oser, repeats and realleges the allegations contained in Paragraphs 1 - 26 of the Complaint as if set forth fully herein.

38. On or about October 11, 2013, Hierseman and the Hierseman Trust executed and delivered the First Note payable to Oser in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), to Oser.

39. Oser owns the First Note.

40. The last payment made by Hierseman and the Hierseman Trust on the First Note was on August 7, 2015.

41. To date, Hierseman and the Hierseman Trust failed to remit payment since the last payment in August 2015.

42. The First Note is due and payable.

WHEREFORE, Plaintiff, Oser Ventures Inc., demands judgment in its favor for damages, costs, post-judgment interest, and such other and further relief as this Court may deem just and proper.

### COUNT IV – BREACH OF JUNE 30, 2014 PROMISSORY NOTE

43. Plaintiff, Oser, repeats and realleges the allegations contained in Paragraphs 1 - 26 of the Complaint as if set forth fully herein.

44. On or about June 30, 2014, Hierseman executed and delivered the Second Note payable to Oser in the amount of Five Hundred Seventy-Five Thousand Dollars ($575,000.00), to Oser.

45. Oser owns the Note.

46. The last payment made on the Second Note by Hierseman and the Hierseman Trust was on August 7, 2015.

47. Hierseman and the Hierseman Trust failed to remit payment since the last payment in August 2015.

48. The Second Note is due and payable.

WHEREFORE, Plaintiff, Oser Ventures Inc., demands judgment in its favor for damages, costs, post-judgment interest, and such other and further relief as this Court may deem just and proper.

**BROWN ROBERT, LLP**
*Attorneys for Plaintiff Oser Ventures, Inc.*
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 832-9400
Facsimile: (954) 832-9430


        /s/ Connis O. Brown, III
By: _____
        Connis O. Brown, III
        Florida Bar No. 641960
        Seth P. Robert
        Florida Bar No. 145696